Filed 2/29/24  In re A.B. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| In re A.B. et al., Persons Coming Under the Juvenile Court Law. | B331383 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. T.B., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP01452B-C) |

APPEAL from an order of the Superior Court of Los Angeles County, Charles Q. Clay, III, Judge.  Conditionally reversed with directions.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel and William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

Dan Szrom, Children's Law Center 1, for minors.

———————————

T.B. (father) appeals from the August 17, 2023 order terminating his parental rights to two of his children born in July 2018 (minors) under Welfare and Institutions Code section 366.26.[1]  We conditionally reverse and remand.  Father contends that the juvenile court and the Los Angeles County Department of Children and Family Services (Department) did not comply with their obligations under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).  Father, the Department, and minor have stipulated to a limited reversal and a remand to the juvenile court to permit proper compliance with ICWA and related California law.  We accept the parties' stipulation.

Our ability to accept a stipulated reversal and remand in the dependency context is discussed in *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.  The present case involves reversible error because the parties agree, and we concur, there was noncompliance with ICWA and related California provisions.  (*In re K.R.* (2018) 20 Cal.App.5th 701, 706–709; see also *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)  Because this case would be subject to conditional reversal to permit compliance with ICWA and corresponding California statutes and rules

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8). That is to say, we find the interests of non-parties or the public are not adversely affected by our acceptance of the stipulation and the remand will not erode public trust or reduce the incentive for pretrial settlement. (See *In re Rashad H.*, *supra*, at pp. 379–382; see also *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329–1330.)

## DISPOSITION

The juvenile court's August 17, 2023 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and the matter is remanded to the juvenile court for the limited purpose of complying with ICWA and related California law. The juvenile court is directed to order the Department to make reasonable efforts to inquire of all of minors' known and available extended paternal and maternal family members and to submit to the juvenile court a report of its interviews or efforts to conduct the interviews. If, based on the initial inquiry, there is reason to believe an Indian child may be involved but not yet sufficient information to determine if notice must be provided to a tribe or tribes, the Department is to conduct further inquiry pursuant to section 224.2, subdivision (e). At a noticed hearing, with counsel for father reappointed, the juvenile court shall determine whether adequate inquiry and any necessary notice has been made and make findings as required by ICWA. If the court finds the ICWA is not applicable, it shall reinstate the order terminating parental

3

rights.  If notice is required and any tribe indicates the child is an Indian Child, the juvenile court shall proceed in accord with the ICWA.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.

MOOR, J.

I concur:

KIM, J.

In re A.B. et al.
B331383


BAKER, Acting P. J., Dissenting



I would reject the parties' stipulation to remand the matter to the juvenile court. For reasons I have previously explained, this court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8). (*In re A.C.* (2022) 86 Cal.App.5th 130, 141-144 (dis. opn. of Baker, J.); *In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order. A stipulated reversal could further delay the conclusion of the adoption process"].)



BAKER, Acting P. J.